# EXHIBIT 1

ER

## COMMONWEALTH OF MASSACHUSETTS

**SUFFOLK COUNTY, SS.**                                    **SUPERIOR COURT**

| | |
|---|---|
| SAM GOLDSTONE, individually and on behalf of all others similarly situated,<br><br>               Plaintiff,<br><br>    v.<br><br>DELOITTE CONSULTING LLP,<br><br>               Defendant. | **CIVIL ACTION NO.**<br><br>**CLASS ACTION COMPLAINT**<br><br>**JURY TRIAL DEMANDED** |

Plaintiff Sam Goldstone ("Plaintiff"), individually and on behalf of all other persons similarly situated, by and through his attorneys, makes the following allegations pursuant to the investigation of his counsel and based upon information and belief, except as to allegations specifically pertaining to himself and his counsel, which are based on personal knowledge.

## NATURE OF THE ACTION

1.      Mass. Gen. Laws ch. 149, § 19B(2)(b) requires all applications for employment within the Commonwealth to contain a notice of job applicants' and employees' rights concerning lie detector tests.

2.      Despite this abundantly clear mandate, Defendant Deloitte Consulting LLP ("Deloitte" or "Defendant") does not provide such written notice of rights in its applications for jobs in Massachusetts.

3.      Under Mass. Gen. Laws ch. 149, § 19B(4), persons aggrieved by a violation of Mass. Gen. Laws ch. 149, § 19B(2) have a private right of action for such violations, for injunctive relief and damages, including minimum statutory damages of $500 per violation.

4.      Mass. Gen. Laws ch. 149, § 19B(4) also expressly authorizes class actions,

providing that a civil action may be brought by a person "in his own name and on his own

behalf, or for himself and, for other[s] similarly situated."

5.      Thus, pursuant to Mass. Gen. Laws ch. 149, § 19B(4), Plaintiff brings this action,

on behalf of himself and those similarly situated, to redress Defendant's violations of Mass. Gen.

Laws ch. 149, § 19B(2)(b).

## PARTIES

6.      Plaintiff Sam Goldstone is a citizen of Massachusetts who resides in Wayland,

Massachusetts.  In or around August 29, 2024, while located in Massachusetts, Plaintiff applied

online for a Massachusetts-based position at Deloitte as a Business Analyst.  That application did

not provide Plaintiff with notice of his rights concerning lie detector tests as required by Mass.

Gen. Laws ch. 149, § 19B(2)(b).

7.      Defendant Deloitte Consulting LLP is a Delaware corporation with its principal

place of business at 84 State Street, Boston, MA 02109.  Defendant is one of the largest

employers in the Commonwealth and specifically targets Massachusetts residents for its job

applications.

## JURISDICTION AND VENUE

8.      This Court has jurisdiction over this matter pursuant to Mass. Gen. Laws ch. 212,

§§ 3 and 4 because this is a civil action where the aggregate claims of all members of the

proposed class are in excess of $50,000, exclusive of interest and costs.

9.      The Court has personal jurisdiction over Defendant pursuant to Mass. Gen. Laws

ch. 223A § 3(a), (b), and (e) because Defendant regularly transacts business in the

Commonwealth, Defendant contracts to supply services or things in the Commonwealth, and

Defendant has an interest in, use, and possess real property in the Commonwealth.

10.     Venue is proper in the Business Litigation Session ("BLS"), pursuant to Superior Court Administrative Directive No. 24-1, because this case is complex and is brought as a class action which will require substantial case management.

## FACTUAL BACKGROUND

11.     On December 16, 1985, Massachusetts enacted 1985 Mass. Acts Chapter 587 introduced as HB 6908 and codified at Mass. Gen. Laws ch. 149, § 19B.

12.     Mass. Gen. Laws ch. 149, § 19B(2)(b) provides:

> All applications for employment within the commonwealth shall contain the following notice which shall be in clearly legible print:

> "It is unlawful in Massachusetts to require or administer a lie detector test as a condition of employment or continued employment.  An employer who violates this law shall be subject to criminal penalties and civil liability."

13.     In plain violation of the law, Defendant does not provide such written notice of rights in the applications for its Massachusetts-based jobs.

14.     On its website apply.deloitte.com, Defendant encourages job seekers to apply online for jobs in Massachusetts.  Its online job application says nothing about lie detectors or otherwise informs job applicants of their rights under Mass. Gen. Laws ch. 149, § 19B(2)(b).

## CLASS REPRESENTATION ALLEGATIONS

15.     Plaintiff seeks to represent a class of similarly situated individuals defined as all persons who applied for a Massachusetts-based position of employment with Defendant (the "Class").  Subject to additional information obtained through further investigation and discovery, the above-described Class may be modified or narrowed as appropriate.

16.     Members of the Class are so numerous that their individual joinder herein is impracticable.  On information and belief, members of the Class number in the thousands.  The

precise number of Class members and their identities are unknown to Plaintiff at this time but may be determined through discovery. Class members may be notified of the pendency of this action by mail and/or publication through the distribution records of Defendant.

17.     Common questions of law and fact exist as to all Class members and predominate over questions affecting only individual Class members. Common legal and factual questions include, but are not limited to, whether Defendant's conduct as alleged herein violates Massachusetts law, including the provisions of Mass. Gen. Laws ch. 149, § 19B(2)(b); whether Plaintiff and Class members are entitled to damages and if so, in what amount; and whether Plaintiff and the other members of the Class are entitled to equitable relief, including but not limited to injunctive or declaratory relief.

18.     The claims of the named Plaintiff are typical of the claims of the Class in that the named Plaintiff applied for Massachusetts-based employment with Defendant. In his application for employment with Defendant, Plaintiff—like the rest of the Class—was not furnished with a notice of rights required by Mass. Gen. Laws ch. 149, § 19B(2)(b).

19.     Plaintiff is an adequate representative of the Class because his interests do not conflict with the interests of the Class members he seeks to represent, he has retained competent counsel experienced in prosecuting class actions, and he intends to prosecute this action vigorously. The interests of Class members will be fairly and adequately protected by Plaintiff and his counsel.

20.     The class mechanism is superior to other available means for the fair and efficient adjudication of the claims of Class members. Each individual Class member may lack the resources to undergo the burden and expense of individual prosecution of the complex and extensive litigation necessary to establish Defendant's liability. Individualized litigation

increases the delay and expense to all parties and multiplies the burden on the judicial system presented by the complex legal and factual issues of this case. Individualized litigation also presents a potential for inconsistent or contradictory judgments. In contrast, the class action device presents far fewer management difficulties and provides the benefits of single adjudication, economy of scale, and comprehensive supervision by a single court on the issue of Defendant's liability. Class treatment of the liability issues will ensure that all claims and claimants are before this Court for consistent adjudication of the liability issues.

## CAUSES OF ACTION

### COUNT I
### Declaratory and Injunctive Relief

21.     Plaintiff incorporates by reference and re-alleges each and every allegation set forth above as though fully set forth herein.

22.     Absent injunctive relief, Defendant may continue to violate the law and infringe upon the rights of Massachusetts job applicants.

23.     Plaintiff asks this Court to declare Defendant's conduct unlawful and enjoin Defendant from using and disseminating job application materials that do not comply with Mass. Gen. Laws ch. 149, § 19B(2)(b).

### COUNT II
### Violation of M.G.L.A. 149, § 19B(2)(b)

24.     Plaintiff incorporates by reference and re-alleges each and every allegation set forth above as though fully set forth herein.

25.     Massachusetts law explicitly requires that companies soliciting applications for employment include the following language on all Massachusetts job applications: "It is unlawful in Massachusetts to require or administer a lie detector test as a condition of

employment or continued employment.  An employer who violates this law shall be subject to criminal penalties and civil liability."  Mass. Gen. Laws ch. 149, § 19B(2)(b).

26.     Defendant does not include this statutorily-required language in its Massachusetts job applications, including the job applications filled out by Plaintiff and Class members.

27.     Pursuant to Mass. Gen. Laws ch. 149, § 19B(4), Plaintiff and Class members seek statutory damages of not less than five hundred dollars per violation and reasonable attorney's fees and costs as a result of Defendant" violations of Mass. Gen. Laws ch. 149, 19B(2)(b).

## RELIEF DEMANDED

WHEREFORE, Plaintiff, individually and on behalf of all others similarly situated, seeks judgment against Defendant, as follows:

a.     For an order certifying the Class, naming Plaintiff as representative of the Class, and naming Plaintiff's attorneys as Class Counsel to represent the Class;

b.     For an order declaring that Defendant's conduct violates the statute referenced herein;

c.     For an order finding in favor of Plaintiff and the Class, on all counts asserted herein;

d.     For compensatory, statutory, and punitive damages in amounts to be determined by the Court and/or jury;

e.     For prejudgment interest on all amounts awarded;

f.     For an order of restitution and all other forms of equitable monetary relief;

g.     For an order enjoining Defendant from continuing the illegal practices detailed herein and compelling Defendant to undertake a corrective advertising campaign; and

h.     For an order awarding Plaintiff and the Class their reasonable attorneys' fees and expenses and costs of suit.

## <u>JURY TRIAL DEMANDED</u>

Plaintiff demands a trial by jury of all issues so triable.

Dated: May 8, 2025

**REARDON SCANLON LLP**

By: ___/s/ James J. Reardon, Jr.___
        James J. Reardon, Jr.

James J. Reardon, Jr.
45 South Main Street, 3rd Floor
West Hartford, CT 06107
Telephone: (860) 955-9455
Facsimile: (860) 920-5242
E-mail: james.reardon@reardonscanlon.com

**ARISOHN LLC**
Joshua D. Arisohn (to be admitted *pro hac vice*)
94 Blakeslee Rd.
Litchfield, CT 06759
Telephone: (917) 656-0569
Email: josh@arisohnllc.com

*Attorneys for Plaintiff*

| **BUSINESS LITIGATION SESSION (BLS) CIVIL ACTION COVER SHEET** | CIVIL DOCKET NUMBER (Court Use Only) | **Massachusetts Trial Court**  |
|---|---|---|
| | | **Suffolk Superior Court Business Litigation Session** |

| PLAINTIFF(S) | DEFENDANT(S) |
|---|---|
| # Sam Goldstone | # Deloitte Consulting LLP |
| ATTORNEY NAME, FIRM NAME, ADDRESS, PHONE NUMBER, EMAIL ADDRESS, BOARD OF BAR OVERSEERS (BBO) NUMBER | (IF KNOWN) ATTORNEY NAME, FIRM NAME, ADDRESS, PHONE NUMBER, EMAIL ADDRESS, BBO NUMBER |
| James J. Reardon, Jr. Reardon Scanlon, LLP 45 S. Main St., Suite 305 West Hartford, CT 06107 860-955-9455 james.reardon@reardonscanlon.com BBO# 566161 | |

CASE CATEGORY CODE AND CASE TYPE (SEE INSTRUCTIONS)

BLS Case Category Code: __A99 (k.1)__          Is this a jury case?: YES ☑  NO ☐

Case Type: __Statutory Breach Mass. Gen. Laws ch. 149, § 19B(2)(b).__

*At the initial Rule 16 Conference, a Special Tracking Order will be created for this case.*

Please provide a detailed statement of the facts and reasons why this case should be accepted into the Business Litigation Session, including the amount in controversy:

This case is appropriate for the Business Litigation Section consistent with the Superior Court Administrative Directive No. 24-1. Massachusetts law requires that companies soliciting applications for employment include the following language on all Massachusetts job applications: "It is unlawful in Massachusetts to require or administer a lie detector test as a condition of employment or continued employment. An employer who violates this law shall be subject to criminal penalties and civil liability." Mass. Gen. Laws ch. 149, § 19B(2)(b).

Defendant does not include this statutorily-required language in its Massachusetts job applications, including the job applications filled out by Plaintiff and Class members.

Plaintiff seeks to represent a class defined as: "All persons who applied for a Massachusetts-based position of employment with Defendant." Members of the Class are so numerous that their individual joinder herein is impracticable. On information and belief, members of the Class number in the thousands. Plaintiff and Class members seek statutory damages of not less than five hundred dollars per violation and reasonable attorney's fees and costs as a result of Defendant's violations of Mass. Gen. Laws ch. 149, 19B. The aggregate claims of all members of the proposed class are in excess of $50,000, exclusive of interest and costs.

*If applicable, please identify the case docket number, case name, and county in which there is any related case or cases pending in the Superior Court or any other court.*

"I hereby certify that I have complied with the requirements of Rule 5 of the Supreme Judicial Court Uniform Rules on Dispute Resolution (SJC Rule 1:18) requiring that I provide my client(s) with information about court-connected dispute resolution services and discuss with them the advantages and disadvantages of the various dispute resolution methods."

Signature of Attorney of Record: /s/ James J. Reardon, Jr.                    Date: 5/8/25

## BUSINESS LITIGATION SESSION (BLS) CIVIL ACTION COVER SHEET
## INSTRUCTIONS

If you want to file a case in the Business Litigation Session (BLS), you must file a BLS Civil Action Cover Sheet (Cover Sheet) and a Complaint with the Suffolk County Civil Clerk's Office. On the Cover Sheet, you must state the reasons why you believe that the case should be accepted into the BLS, including the amount in controversy. If you do not fully and accurately complete the Cover Sheet, your case may be denied acceptance into the Business Litigation Session and transferred to another Superior Court Civil Session in Suffolk County. For more information, see Superior Court Administrative Directive 24-1 (Superior Court Business Litigation Sessions).

Cases that fall within any of the following categories will be considered for acceptance into the BLS in the sound discretion of the BLS Administrative Justice, based principally on the complexity of the case and the need for substantial case management.

Select one BLS Case Category Code that best describes your case and record it on the Cover Sheet:

BA1 (a.1)  claims relating to the governance and conduct of internal affairs of entities

A04 (a.2)  claims relating to employment agreements

BA3 (a.3)  claims relating to liability of shareholders, directors, officers, partners, etc.

BB1 (b.1)  shareholder derivative claims

BB2 (b.2)  claims relating to or arising out of securities transactions

BC1 (c.1)  claims involving mergers, consolidations, sales of assets, issuance of debt, equity and like interests

BD1 (d.1)  claims to determine the use or status of, or claims involving, intellectual property

BD2 (d.2)  claims to determine the use or status of, or claims involving, confidential, proprietary or
           trade secret information

D11 (d.3)  claims to determine the use or status of, or claims involving, restrictive covenants

BE1 (e.1)  claims involving breaches of contract or fiduciary duties, fraud, misrepresentation, business
           torts or other violations involving business relationships

A99 (f.1)  claims under the U.C.C. involving complex issues

BG1 (g.1)  claims arising from transactions with banks, investment bankers and financial advisers,
           brokerage firms, mutual and money funds

BH1 (h.1)  claims for violation of antitrust or other trade regulation laws, including class actions

BH1 (h.2)  claims of unfair trade practices involving complex issues, including class actions that do
           not involve personal injury

B07 (i.1)  professional malpractice claims other than claims for personal injury or death

A99 (j.1)  claims by or against a business enterprise to which a government entity is a party

A99 (k.1)  other claims involving complex issues or that require close case management, including
           but not limited to insurance coverage or reinsurance, construction, commercial lease
           disputes, real estate and consumer matters.

**Example:**  BLS Case Category Code:  <u>BE1 (e.1)</u>    Case Type:  <u>breach of contract</u>

**<u>Plaintiff's Duty:</u>**  On the Cover Sheet, the plaintiff, or plaintiff's counsel, shall provide a detailed statement of the facts and reasons why this case should be accepted into the BLS. A copy of the completed Cover Sheet shall be served on all defendants, along with the Complaint and Summons.
**<u>Defendant's Duty:</u>**  If a defendant contests entry into the BLS, the defendant shall file with the Answer (or dispositive motion), a Statement specifying why the action does not belong in the BLS. The Statement shall be served with the Answer (or dispositive motion).

3

**Commonwealth of Massachusetts**
**County of Suffolk**
**The Superior Court – Business Litigation Session**

CIVIL DOCKET#: **2584CV01252-BLS2**

Notice Sent
5/9/25
S.12

Case:   Goldstone v. Deloitte Consulting LLP

## NOTICE OF ACCEPTANCE INTO BUSINESS LITIGATION SESSION

This matter has been accepted into the Suffolk Business Litigation Session. It has been assigned to **BLS2**.

Hereafter, as shown above, all parties must include the initials "**BLS2**" at the end of the docket number on all filings.

Counsel for the plaintiff(s) is hereby advised that within seven (7) days of the filing of an appearance, answer, motion or other response to the complaint by or on behalf of the defendant(s) which has been served with process within the time limitation of Mass. R. Civ. P. 4(j), or such other time as may be modified by the Court, he or she shall send notice thereof to the appropriate BLS Session Clerk at Suffolk Superior Court, Three Pemberton Square, Boston, MA 02108.

Upon receipt of such notice, the Court will issue a Notice of Initial Rule 16 Conference for purposes of meeting with all counsel. Before the Rule 16 Conference, counsel shall discuss with their clients and with opposing counsel whether the parties will participate in the BLS Project on Discovery (counsel are directed to www.mass.gov/superior-court-business-litigation-session for description of the Project). Counsel may indicate their respective client's participation by completing, filing, and serving the attached form. If by the date of the initial Rule 16 Conference, not all parties have given notice of their participation, counsel shall be prepared to discuss at that conference whether their clients will participate in the Project.

For practice tips from the BLS Judges, please refer to the BLS Bench Notes (available online at: www.mass.gov/guide/business-litigation-session-bls-bench-notes).

The Court requests that plaintiff's counsel serve on opposing parties a copy of this notice and the attached form.

Dated: May 8, 2025

/s/ Kenneth W. Salinger

Kenneth W. Salinger
Justice of the Superior Court &
Administrative Justice of the Business Litigation Session

**Commonwealth of Massachusetts**
**County of Suffolk**
**The Superior Court – Business Litigation Session**

CIVIL DOCKET#: _____

Case: _____

As you may know, the Business Litigation Session began implementing a Discovery Project in January, 2010. This project is available on a voluntary basis for all new cases accepted into the BLS and for cases which have not previously had an initial case management conference.  Counsel should be prepared to discuss the project with the Court at the initial case management conference.  For a detailed copy of the BLS Discovery Project, counsel are directed to the Trial Court home page at: www.mass.gov/superior-court-business-litigation-session)

If a party is willing to participate in the project, that party's counsel should so indicate below and return this form to the appropriate session clerk.

____ (Check) **Yes**,_____ is willing to participate in the Discovery Project.
                        (Party's Name)

Case Name _____

Docket Number CIVIL DOCKET#: _____

Counsel For_____          Date_____

Firm Name and Address:

_____

_____

_____

Please complete this form and return it to:

| Assistant Clerk - BLS1 | **OR** | Assistant Clerk - BLS2 |
|---|---|---|
| BLS1, Room 1015 | | BLS2, Room 1017 |
| 3 Pemberton Square | | 3 Pemberton Square |
| Boston, MA 02108 | | Boston, MA 02108 |

- 2 -

## COMMONWEALTH OF MASSACHUSETTS

**SUFFOLK COUNTY, SS.**                    **SUPERIOR COURT**

SAM GOLDSTONE, individually and on          **CIVIL ACTION NO. 2584CV01252** BLS2
behalf of all others similarly situated,

                              Plaintiff,          **CLASS ACTION COMPLAINT**

                                                  **JURY TRIAL DEMANDED**
        v.

DELOITTE CONSULTING LLP,
                                                                          kg
                              Defendant.

---

### MOTION TO AMEND ELECTRONIC CAPTION

1.      Pursuant to Mass. R. Civ. P. 15, Plaintiff Sam Goldstone ("Plaintiff"),

respectfully moves the Court to amend the electronic caption to correctly reflect that last name of

the Plaintiff is Goldstone.

2.      The electronic caption reflects Plaintiff's last name as Gladstone. Plaintiff's name

is correctly listed in all pleadings and the electronic caption should be modified to conform it to

the caption contained in the pleadings filed by Plaintiff.

3.      The Defendant has not yet appeared.  The amendment is wholly clerical and non-

substantive in nature and will and will not cause prejudice or delay. Good likewise exists in order

to correctly identify Plaintiff as reflected in the Complaint and Civil Action Cover Sheet.

4.      WHEREFORE, Plaintiff respectfully requests that the Court modify the electronic

caption to conform to the written pleadings to reflect the last name of the Plaintiff as Goldstone.

Dated: May 8, 2025                         **REARDON SCANLON LLP**

                                           By: _____ /s/ James J. Reardon, Jr._____

James J. Reardon, Jr. BBO # 566161

James J. Reardon, Jr.
45 South Main Street, 3rd Floor
West Hartford, CT  06107
Telephone: (860) 955-9455
Facsimile:  (860) 920-5242
E-mail:  james.reardon@reardonscanlon.com

**ARISOHN LLC**
Joshua D. Arisohn (to be admitted *pro hac vice*)
94 Blakeslee Rd.
Litchfield, CT 06759
Telephone: (917) 656-0569
Email: josh@arisohnllc.com

*Attorneys for Plaintiff*

<u>**CERTIFICATE OF SERVICE**</u>

I hereby certify that on May 8, 2025, a true copy of the above document was

served electronically, upon all counsel of record.

<u>/s/ James Reardon</u>
James Reardon, BBO # 566161