## UNITED STATES DISTRICT COURT
## DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| SAM GOLDSTONE, on behalf of himself and all others similarly situated, | Civil Action No. 1:25-cv-11875-WGY |
| Plaintiff, | **FIRST AMENDED CLASS ACTION COMPLAINT** |
| v. | **JURY TRIAL DEMANDED** |
| DELOITTE CONSULTING LLP, | |
| Defendant. | |

Plaintiff Sam Goldston ("Plaintiff"), individually and on behalf of all other persons similarly situated, by and through his attorneys, makes the following allegations pursuant to the investigation of his counsel and based upon information and belief, except as to allegations specifically pertaining to himself and his counsel, which are based on personal knowledge.

### NATURE OF THE ACTION

1.      Mass. Gen. Laws ch. 149, § 19B(2)(b) requires all applications for employment within the Commonwealth to contain a notice of job applicants' and employees' rights concerning lie detector tests.

2.      Despite this abundantly clear mandate, Defendant Deloitte Consulting LLP ("Deloitte" or "Defendant") does not provide such written notice of rights in its applications for jobs in Massachusetts.

3.      Under Mass. Gen. Laws ch. 149, § 19B(4), persons aggrieved by a violation of Mass. Gen. Laws ch. 149, § 19B(2) have a private right of action for such violations, for injunctive relief and damages, including minimum statutory damages of $500 per violation.

4.      Mass. Gen. Laws ch. 149, § 19B(4) also expressly authorizes class actions, providing that a civil action may be brought by a person "in his own name and on his own

1

behalf, or for himself and, for other[s] similarly situated."

5.      Thus, pursuant to Mass. Gen. Laws ch. 149, § 19B(4), Plaintiff brings this action, on behalf of himself and those similarly situated, to redress Defendant's violations of Mass. Gen. Laws ch. 149, § 19B(2)(b).

## PARTIES

6.      Plaintiff Sam Goldstone is a citizen of Massachusetts who resides in Wayland, Massachusetts.  In or around August 29, 2024, while located in Massachusetts, Plaintiff visited Defendant's job application website and clicked on a button labeled "Apply Now" next to a description of a Massachusetts-based position for "Deloitte Consulting, Government & Public Services – Business Analyst, 189727."  Plaintiff then filled out an application with his contact information and educational history, and uploaded his resume and a cover letter.  That application did not provide Plaintiff with notice of his rights concerning lie detector tests as required by Mass. Gen. Laws ch. 149, § 19B(2)(b).  The application referred to "Information for applicants" and a question about what location Plaintiff was "applying to."  Thereafter, Plaintiff received an email from Defendant with the subject line "Thank you for applying to Deloitte!"  The email then specifically referred to Plaintiff's "application":

> Dear Samuel,
>
> Thank you for submitting an application for the position of Deloitte Consulting, Government & Public Services - Business Analyst, 189727. You can view the status of your application by navigating to the 'My Jobs' section in your Deloitte careers profile.

Plaintiff never filled out any other applications for this position or any other position at Deloitte. Deloitte never provided Plaintiff with the required lie detector notice in any form in any document.

7.     Defendant Deloitte Consulting LLP is a Delaware corporation with its principal place of business at 84 State Street, Boston, MA 02109.  Defendant is one of the largest employers in the Commonwealth and specifically targets Massachusetts residents for its job applications.

## JURISDICTION AND VENUE

8.     This Court has jurisdiction over this matter pursuant to Mass. Gen. Laws ch. 212, §§ 3 and 4 because this is a civil action where the aggregate claims of all members of the proposed class are in excess of $50,000, exclusive of interest and costs.

9.     The Court has personal jurisdiction over Defendant pursuant to Mass. Gen. Laws ch. 223A § 3(a), (b), and (e) because Defendant regularly transacts business in the Commonwealth, Defendant contracts to supply services or things in the Commonwealth, and Defendant has an interest in, use, and possess real property in the Commonwealth.

10.     Venue is proper in the Business Litigation Session ("BLS"), pursuant to Superior Court Administrative Directive No. 24-1, because this case is complex and is brought as a class action which will require substantial case management.

## FACTUAL BACKGROUND

11.     On December 16, 1985, Massachusetts enacted 1985 Mass. Acts Chapter 587 introduced as HB 6908 and codified at Mass. Gen. Laws ch. 149, § 19B.

12.     Mass. Gen. Laws ch. 149, § 19B(2)(b) provides:

> All applications for employment within the commonwealth shall contain the following notice which shall be in clearly legible print:
>
> "It is unlawful in Massachusetts to require or administer a lie detector test as a condition of employment or continued employment.  An employer who violates this law shall be subject to criminal penalties and civil liability."

13.     In plain violation of the law, Defendant does not provide such written notice of rights in the applications for its Massachusetts-based jobs.

14.     On its websites, including but not limited to apply.deloitte.com, Defendant encourages job seekers to apply online for jobs in Massachusetts.  Its online job application says nothing about lie detectors or otherwise informs job applicants of their rights under Mass. Gen. Laws ch. 149, § 19B(2)(b).

## CLASS REPRESENTATION ALLEGATIONS

15.     Plaintiff seeks to represent a class of similarly situated individuals defined as all persons who applied for a Massachusetts-based position of employment with Defendant (the "Class").  Subject to additional information obtained through further investigation and discovery, the above-described Class may be modified or narrowed as appropriate.

16.     Members of the Class are so numerous that their individual joinder herein is impracticable.  On information and belief, members of the Class number in the thousands.  The precise number of Class members and their identities are unknown to Plaintiff at this time but may be determined through discovery.  Class members may be notified of the pendency of this action by mail and/or publication through the distribution records of Defendant.

17.     Common questions of law and fact exist as to all Class members and predominate over questions affecting only individual Class members.  Common legal and factual questions include, but are not limited to, whether Defendant's conduct as alleged herein violates Massachusetts law, including the provisions of Mass. Gen. Laws ch. 149, § 19B(2)(b); whether Plaintiff and Class members are entitled to damages and if so, in what amount; and whether Plaintiff and the other members of the Class are entitled to equitable relief, including but not limited to injunctive or declaratory relief.

18.     The claims of the named Plaintiff are typical of the claims of the Class in that the named Plaintiff applied for Massachusetts-based employment with Defendant.  In his application for employment with Defendant, Plaintiff—like the rest of the Class—was not furnished with a notice of rights required by Mass. Gen. Laws ch. 149, § 19B(2)(b).

19.     Plaintiff is an adequate representative of the Class because his interests do not conflict with the interests of the Class members he seeks to represent, he has retained competent counsel experienced in prosecuting class actions, and he intends to prosecute this action vigorously.  The interests of Class members will be fairly and adequately protected by Plaintiff and his counsel.

20.     The class mechanism is superior to other available means for the fair and efficient adjudication of the claims of Class members.  Each individual Class member may lack the resources to undergo the burden and expense of individual prosecution of the complex and extensive litigation necessary to establish Defendant's liability.  Individualized litigation increases the delay and expense to all parties and multiplies the burden on the judicial system presented by the complex legal and factual issues of this case.  Individualized litigation also presents a potential for inconsistent or contradictory judgments.  In contrast, the class action device presents far fewer management difficulties and provides the benefits of single adjudication, economy of scale, and comprehensive supervision by a single court on the issue of Defendant's liability.  Class treatment of the liability issues will ensure that all claims and claimants are before this Court for consistent adjudication of the liability issues.

## CAUSES OF ACTION

### COUNT I
### Declaratory and Injunctive Relief

21.     Plaintiff incorporates by reference and re-alleges each and every allegation set

forth above as though fully set forth herein.

22.    Absent injunctive relief, Defendant may continue to violate the law and infringe upon the rights of Massachusetts job applicants.

23.    Plaintiff asks this Court to declare Defendant's conduct unlawful and enjoin Defendant from using and disseminating job application materials that do not comply with Mass. Gen. Laws ch. 149, § 19B(2)(b).

**COUNT II**
**Violation of M.G.L.A. 149, § 19B(2)(b)**

24.    Plaintiff incorporates by reference and re-alleges each and every allegation set forth above as though fully set forth herein.

25.    Massachusetts law explicitly requires that companies soliciting applications for employment include the following language on all Massachusetts job applications:  "It is unlawful in Massachusetts to require or administer a lie detector test as a condition of employment or continued employment.  An employer who violates this law shall be subject to criminal penalties and civil liability."  Mass. Gen. Laws ch. 149, § 19B(2)(b).

26.    Defendant does not include this statutorily-required language in its Massachusetts job applications, including the job applications filled out by Plaintiff and Class members.

27.    Pursuant to Mass. Gen. Laws ch. 149, § 19B(4), Plaintiff and Class members seek statutory damages of not less than five hundred dollars per violation and reasonable attorney's fees and costs as a result of Defendant's violations of Mass. Gen. Laws ch. 149, 19B(2)(b).

**RELIEF DEMANDED**

WHEREFORE, Plaintiff, individually and on behalf of all others similarly situated, seeks judgment against Defendant, as follows:

a.    For an order certifying the Class, naming Plaintiff as representative of the Class,

and naming Plaintiff's attorneys as Class Counsel to represent the Class;

b.      For an order declaring that Defendant's conduct violates the statute referenced herein;

c.      For an order finding in favor of Plaintiff and the Class, on all counts asserted herein;

d.      For compensatory, statutory, and punitive damages in amounts to be determined by the Court and/or jury;

e.      For prejudgment interest on all amounts awarded;

f.      For an order of restitution and all other forms of equitable monetary relief;

g.      For an order enjoining Defendant from continuing the illegal practices detailed herein and compelling Defendant to undertake a corrective advertising campaign; and

h.      For an order awarding Plaintiff and the Class their reasonable attorneys' fees and expenses and costs of suit.

## **JURY TRIAL DEMANDED**

Plaintiff demands a trial by jury of all issues so triable.

Dated: July 29, 2025           **REARDON SCANLON LLP**

By:   */s/ James J. Reardon, Jr.*
          James J. Reardon, Jr.

James J. Reardon, Jr.
45 South Main Street, 3rd Floor
West Hartford, CT  06107
Telephone: (860) 955-9455
Facsimile:  (860) 920-5242
E-mail:  james.reardon@reardonscanlon.com

**ARISOHN LLC**
Joshua D. Arisohn (to be admitted *pro hac vice*)
94 Blakeslee Rd.
Litchfield, CT 06759
Telephone: (917) 656-0569
Email: josh@arisohnllc.com

*Attorneys for Plaintiff*

**<u>CERTIFICATE OF SERVICE</u>**

I certify that the foregoing was filed through the Electronic Court Filing system on July 29, 2025, and a copy thereof will be sent electronically to the registered recipients as identified on the Notice of Electronic Filing.

<u>/s/ *James J. Reardon, Jr.*</u>