# COMMONWEALTH OF MASSACHUSETTS
## SUFFOLK COUNTY CIVIL
### Docket Report

**2584CV01252 Goldstone, Sam vs. Deloitte Consulting LLP**

| | | | |
|---|---|---|---|
| **CASE TYPE:** | Business Litigation | **FILE DATE:** | 05/08/2025 |
| **ACTION CODE:** | BK1 | **CASE TRACK:** | B - Special Track (BLS) |
| **DESCRIPTION:** | Other Complex Commercial Actions | | |
| **CASE DISPOSITION DATE:** | 07/02/2025 | **CASE STATUS:** | Closed |
| **CASE DISPOSITION:** | Transferred to another Court | **STATUS DATE:** | 07/02/2025 |
| **CASE JUDGE:** | | **CASE SESSION:** | Business Litigation 2 |

### PARTIES

| | |
|---|---|
| **Plaintiff**<br>Goldstone, Sam | **Attorney**                                          566161<br>James J Reardon<br>Reardon Scanlon LLP<br>Reardon Scanlon LLP<br>45 South Main St 3rd Floor<br>West Hartford, CT 06107<br>Work Phone (860) 955-9455<br>Added Date: 05/08/2025 |
| **Plaintiff**<br>Sam Goldstone, individually and and on behalf of all others similary situated  (as amended) | **Attorney**                                          566161<br>James J Reardon<br>Reardon Scanlon LLP<br>Reardon Scanlon LLP<br>45 South Main St 3rd Floor<br>West Hartford, CT 06107<br>Work Phone (860) 955-9455<br>Added Date: 05/12/2025 |
| **Defendant**<br>Deloitte Consulting LLP<br>84 State St<br>Boston, MA 02109 | **Attorney**                                          704360<br>Keri L Engelman<br>Morgan, Lewis and Bockius LLP<br>Morgan, Lewis and Bockius LLP<br>One Federal St<br>Boston, MA 02110<br>Work Phone (617) 341-7828<br>Added Date: 07/02/2025 |

I HEREBY ATTEST AND CERTIFY ON
July 2, 2025, THAT THE
FOREGOING DOCUMENT IS A FULL,
TRUE AND CORRECT COPY OF THE
ORIGINAL ON FILE IN MY OFFICE,
AND IN MY LEGAL CUSTODY.

John E. Powers, III
Clerk Magistrate
SUFFOLK SUPERIOR CIVIL COURT
DEPARTMENT OF THE TRIAL COURT
BY: _____
A sst. Clerk

# COMMONWEALTH OF MASSACHUSETTS
## SUFFOLK COUNTY CIVIL
### Docket Report

## FINANCIAL DETAILS

| Date | Fees/Fines/Costs/Charge | Assessed | Paid | Dismissed | Balance |
|------|-------------------------|----------|------|-----------|---------|
| 05/08/2025 | Civil Filing Fee (per Plaintiff) Receipt: 48125 Date: 05/08/2025 | 240.00 | 240.00 | 0.00 | 0.00 |
| 05/08/2025 | Civil Security Fee (G.L. c. 262, § 4A) Receipt: 48125 Date: 05/08/2025 | 20.00 | 20.00 | 0.00 | 0.00 |
| 05/08/2025 | Civil Surcharge (G.L. c. 262, § 4C) Receipt: 48125 Date: 05/08/2025 | 15.00 | 15.00 | 0.00 | 0.00 |
| 05/08/2025 | Fee for Blank Subpoena for One (1) or More Witnesses MGL 262 sec. 4b Receipt: 48125 Date: 05/08/2025 | 5.00 | 5.00 | 0.00 | 0.00 |
| | **Total** | **280.00** | **280.00** | **0.00** | **0.00** |

## INFORMATIONAL DOCKET ENTRIES

| Date | Ref | Description | Judge |
|------|-----|-------------|-------|
| 05/08/2025 | 1 | Complaint electronically filed. | |
| 05/08/2025 | 2 | Civil action cover sheet filed. | |
| 05/09/2025 | 3 | General correspondence regarding Notice of Acceptance into Business Litigation Session Accepted into BLS2 (Dated 5/8/2025) Notice sent 5/9/2025 | Salinger |
| 05/09/2025 | 4 | Plaintiff Sam Goldstone's Motion to Amend Electronic Caption (filed 5/8/25) | |
| 05/12/2025 | | Party status: Plaintiff Goldstone, Sam: Inactive; | |
| 05/13/2025 | | Endorsement on Motion to Amend Electronic Caption (#4.0): ALLOWED (Dated: 5/12/25)  (Notice Sent by Email: 5/12/25) | Salinger |
| 06/05/2025 | | Docket Note: One summons sent via mail | |
| 06/30/2025 | 5 | Service Returned for Applies To: Deloitte Consulting LLP (Defendant) | |
| 07/01/2025 | 6 | Defendant Deloitte Consulting LLP's Notice of Removal (U.S. Dist. #25cv-11875) | |
| 07/02/2025 | | Attorney appearance On this date Keri L Engelman, Esq. added for Defendant Deloitte Consulting LLP | |
| 07/02/2025 | | REMOVED to the U.S. District Court Of Massachusetts | |
| 07/02/2025 | | Case transferred to another court. | |

ER

# COMMONWEALTH OF MASSACHUSETTS

**SUFFOLK COUNTY, SS.**                              **SUPERIOR COURT**

| | |
|---|---|
| SAM GOLDSTONE, individually and on behalf of all others similarly situated, | **CIVIL ACTION NO.** 25-1252 |
| Plaintiff, | **CLASS ACTION COMPLAINT** |
| | **JURY TRIAL DEMANDED** |
| v. | |
| DELOITTE CONSULTING LLP, | |
| Defendant. | |

Plaintiff Sam Goldstone ("Plaintiff"), individually and on behalf of all other persons similarly situated, by and through his attorneys, makes the following allegations pursuant to the investigation of his counsel and based upon information and belief, except as to allegations specifically pertaining to himself and his counsel, which are based on personal knowledge.

## NATURE OF THE ACTION

1.      Mass. Gen. Laws ch. 149, § 19B(2)(b) requires all applications for employment within the Commonwealth to contain a notice of job applicants' and employees' rights concerning lie detector tests.

2.      Despite this abundantly clear mandate, Defendant Deloitte Consulting LLP ("Deloitte" or "Defendant") does not provide such written notice of rights in its applications for jobs in Massachusetts.

3.      Under Mass. Gen. Laws ch. 149, § 19B(4), persons aggrieved by a violation of Mass. Gen. Laws ch. 149, § 19B(2) have a private right of action for such violations, for injunctive relief and damages, including minimum statutory damages of $500 per violation.

4.      Mass. Gen. Laws ch. 149, § 19B(4) also expressly authorizes class actions,

providing that a civil action may be brought by a person "in his own name and on his own

behalf, or for himself and, for other[s] similarly situated."

5.      Thus, pursuant to Mass. Gen. Laws ch. 149, § 19B(4), Plaintiff brings this action,

on behalf of himself and those similarly situated, to redress Defendant's violations of Mass. Gen.

Laws ch. 149, § 19B(2)(b).

## PARTIES

6.      Plaintiff Sam Goldstone is a citizen of Massachusetts who resides in Wayland,

Massachusetts.  In or around August 29, 2024, while located in Massachusetts, Plaintiff applied

online for a Massachusetts-based position at Deloitte as a Business Analyst.  That application did

not provide Plaintiff with notice of his rights concerning lie detector tests as required by Mass.

Gen. Laws ch. 149, § 19B(2)(b).

7.      Defendant Deloitte Consulting LLP is a Delaware corporation with its principal

place of business at 84 State Street, Boston, MA 02109.  Defendant is one of the largest

employers in the Commonwealth and specifically targets Massachusetts residents for its job

applications.

## JURISDICTION AND VENUE

8.      This Court has jurisdiction over this matter pursuant to Mass. Gen. Laws ch. 212,

§§ 3 and 4 because this is a civil action where the aggregate claims of all members of the

proposed class are in excess of $50,000, exclusive of interest and costs.

9.      The Court has personal jurisdiction over Defendant pursuant to Mass. Gen. Laws

ch. 223A § 3(a), (b), and (e) because Defendant regularly transacts business in the

Commonwealth, Defendant contracts to supply services or things in the Commonwealth, and

Defendant has an interest in, use, and possess real property in the Commonwealth.

10.     Venue is proper in the Business Litigation Session ("BLS"), pursuant to Superior Court Administrative Directive No. 24-1, because this case is complex and is brought as a class action which will require substantial case management.

## FACTUAL BACKGROUND

11.     On December 16, 1985, Massachusetts enacted 1985 Mass. Acts Chapter 587 introduced as HB 6908 and codified at Mass. Gen. Laws ch. 149, § 19B.

12.     Mass. Gen. Laws ch. 149, § 19B(2)(b) provides:

> All applications for employment within the commonwealth shall contain the following notice which shall be in clearly legible print:

> "It is unlawful in Massachusetts to require or administer a lie detector test as a condition of employment or continued employment. An employer who violates this law shall be subject to criminal penalties and civil liability."

13.     In plain violation of the law, Defendant does not provide such written notice of rights in the applications for its Massachusetts-based jobs.

14.     On its website apply.deloitte.com, Defendant encourages job seekers to apply online for jobs in Massachusetts. Its online job application says nothing about lie detectors or otherwise informs job applicants of their rights under Mass. Gen. Laws ch. 149, § 19B(2)(b).

## CLASS REPRESENTATION ALLEGATIONS

15.     Plaintiff seeks to represent a class of similarly situated individuals defined as all persons who applied for a Massachusetts-based position of employment with Defendant (the "Class"). Subject to additional information obtained through further investigation and discovery, the above-described Class may be modified or narrowed as appropriate.

16.     Members of the Class are so numerous that their individual joinder herein is impracticable. On information and belief, members of the Class number in the thousands. The

precise number of Class members and their identities are unknown to Plaintiff at this time but may be determined through discovery. Class members may be notified of the pendency of this action by mail and/or publication through the distribution records of Defendant.

17.     Common questions of law and fact exist as to all Class members and predominate over questions affecting only individual Class members. Common legal and factual questions include, but are not limited to, whether Defendant's conduct as alleged herein violates Massachusetts law, including the provisions of Mass. Gen. Laws ch. 149, § 19B(2)(b); whether Plaintiff and Class members are entitled to damages and if so, in what amount; and whether Plaintiff and the other members of the Class are entitled to equitable relief, including but not limited to injunctive or declaratory relief.

18.     The claims of the named Plaintiff are typical of the claims of the Class in that the named Plaintiff applied for Massachusetts-based employment with Defendant. In his application for employment with Defendant, Plaintiff—like the rest of the Class—was not furnished with a notice of rights required by Mass. Gen. Laws ch. 149, § 19B(2)(b).

19.     Plaintiff is an adequate representative of the Class because his interests do not conflict with the interests of the Class members he seeks to represent, he has retained competent counsel experienced in prosecuting class actions, and he intends to prosecute this action vigorously. The interests of Class members will be fairly and adequately protected by Plaintiff and his counsel.

20.     The class mechanism is superior to other available means for the fair and efficient adjudication of the claims of Class members. Each individual Class member may lack the resources to undergo the burden and expense of individual prosecution of the complex and extensive litigation necessary to establish Defendant's liability. Individualized litigation

Date Filed 5/8/2025 12:37 PM
Superior Court - Suffolk
Docket Number .

Case 1:25-cv-11875-WGY    Document 14    Filed 08/13/25    Page 8 of 32

increases the delay and expense to all parties and multiplies the burden on the judicial system presented by the complex legal and factual issues of this case. Individualized litigation also presents a potential for inconsistent or contradictory judgments. In contrast, the class action device presents far fewer management difficulties and provides the benefits of single adjudication, economy of scale, and comprehensive supervision by a single court on the issue of Defendant's liability. Class treatment of the liability issues will ensure that all claims and claimants are before this Court for consistent adjudication of the liability issues.

## CAUSES OF ACTION

### COUNT I
### Declaratory and Injunctive Relief

21.    Plaintiff incorporates by reference and re-alleges each and every allegation set forth above as though fully set forth herein.

22.    Absent injunctive relief, Defendant may continue to violate the law and infringe upon the rights of Massachusetts job applicants.

23.    Plaintiff asks this Court to declare Defendant's conduct unlawful and enjoin Defendant from using and disseminating job application materials that do not comply with Mass. Gen. Laws ch. 149, § 19B(2)(b).

### COUNT II
### Violation of M.G.L.A. 149, § 19B(2)(b)

24.    Plaintiff incorporates by reference and re-alleges each and every allegation set forth above as though fully set forth herein.

25.    Massachusetts law explicitly requires that companies soliciting applications for employment include the following language on all Massachusetts job applications: "It is unlawful in Massachusetts to require or administer a lie detector test as a condition of

employment or continued employment. An employer who violates this law shall be subject to criminal penalties and civil liability." Mass. Gen. Laws ch. 149, § 19B(2)(b).

26.     Defendant does not include this statutorily-required language in its Massachusetts job applications, including the job applications filled out by Plaintiff and Class members.

27.     Pursuant to Mass. Gen. Laws ch. 149, § 19B(4), Plaintiff and Class members seek statutory damages of not less than five hundred dollars per violation and reasonable attorney's fees and costs as a result of Defendant" violations of Mass. Gen. Laws ch. 149, 19B(2)(b).

## **RELIEF DEMANDED**

WHEREFORE, Plaintiff, individually and on behalf of all others similarly situated, seeks judgment against Defendant, as follows:

a.     For an order certifying the Class, naming Plaintiff as representative of the Class, and naming Plaintiff's attorneys as Class Counsel to represent the Class;

b.     For an order declaring that Defendant's conduct violates the statute referenced herein;

c.     For an order finding in favor of Plaintiff and the Class, on all counts asserted herein;

d.     For compensatory, statutory, and punitive damages in amounts to be determined by the Court and/or jury;

e.     For prejudgment interest on all amounts awarded;

f.     For an order of restitution and all other forms of equitable monetary relief;

g.     For an order enjoining Defendant from continuing the illegal practices detailed herein and compelling Defendant to undertake a corrective advertising campaign; and

h.     For an order awarding Plaintiff and the Class their reasonable attorneys' fees and expenses and costs of suit.

## JURY TRIAL DEMANDED

Plaintiff demands a trial by jury of all issues so triable.

Dated: May 8, 2025

**REARDON SCANLON LLP**

By: _/s/ James J. Reardon, Jr._
       James J. Reardon, Jr.

James J. Reardon, Jr.
45 South Main Street, 3rd Floor
West Hartford, CT 06107
Telephone: (860) 955-9455
Facsimile: (860) 920-5242
E-mail: james.reardon@reardonscanlon.com

**ARISOHN LLC**
Joshua D. Arisohn (to be admitted *pro hac vice*)
94 Blakeslee Rd.
Litchfield, CT 06759
Telephone: (917) 656-0569
Email: josh@arisohnllc.com

*Attorneys for Plaintiff*

I HEREBY ATTEST AND CERTIFY ON
July 2, 2025, THAT THE
FOREGOING DOCUMENT IS A FULL,
TRUE AND CORRECT COPY OF THE
ORIGINAL ON FILE IN MY OFFICE,
AND IN MY LEGAL CUSTODY.
John E. Powers, III
Clerk Magistrate
SUFFOLK SUPERIOR CIVIL COURT
DEPARTMENT OF THE TRIAL COURT
BY:
Asst. Clerk



| BUSINESS LITIGATION SESSION (BLS) CIVIL ACTION COVER SHEET | CIVIL DOCKET NUMBER (Court Use Only)<br><br>25-1252 | **Massachusetts Trial Court**<br><br><br>**Suffolk Superior Court**<br>**Business Litigation Session** |
|---|---|---|

| PLAINTIFF(S)<br><br>**Sam Goldstone** | DEFENDANT(S)<br><br>**Deloitte Consulting LLP** |
|---|---|
| ATTORNEY NAME, FIRM NAME, ADDRESS, PHONE NUMBER, EMAIL ADDRESS, BOARD OF BAR OVERSEERS (BBO) NUMBER<br><br>James J. Reardon, Jr.<br>Reardon Scanlon, LLP<br>45 S. Main St., Suite 305<br>West Hartford, CT 06107<br>860-955-9455<br>james.reardon@reardonscanlon.com<br>BBO# 566161 | (IF KNOWN) ATTORNEY NAME, FIRM NAME, ADDRESS, PHONE NUMBER, EMAIL ADDRESS, BBO NUMBER |

CASE CATEGORY CODE AND CASE TYPE (SEE INSTRUCTIONS)

BLS Case Category Code: **A99 (k.1)**_____     Is this a jury case?: YES ☑  NO ☐

Case Type: **Statutory Breach Mass. Gen. Laws ch. 149, § 19B(2)(b).**_____

*At the initial Rule 16 Conference, a Special Tracking Order will be created for this case.*

Please provide a detailed statement of the facts and reasons why this case should be accepted into the Business Litigation Session, including the amount in controversy:

This case is appropriate for the Business Litigation Section consistent with the Superior Court Administrative Directive No. 24-1. Massachusetts law requires that companies soliciting applications for employment include the following language on all Massachusetts job applications: "It is unlawful in Massachusetts to require or administer a lie detector test as a condition of employment or continued employment. An employer who violates this law shall be subject to criminal penalties and civil liability." Mass. Gen. Laws ch. 149, § 19B(2)(b).

Defendant does not include this statutorily-required language in its Massachusetts job applications, including the job applications filled out by Plaintiff and Class members.

Plaintiff seeks to represent a class defined as: "All persons who applied for a Massachusetts-based position of employment with Defendant." Members of the Class are so numerous that their individual joinder herein is impracticable. On information and belief, members of the Class number in the thousands. Plaintiff and Class members seek statutory damages of not less than five hundred dollars per violation and reasonable attorney's fees and costs as a result of Defendant's violations of Mass. Gen. Laws ch. 149, 19B. The aggregate claims of all members of the proposed class are in excess of $50,000, exclusive of interest and costs.

*If applicable, please identify the case docket number, case name, and county in which there is any related case or cases pending in the Superior Court or any other court.*

"I hereby certify that I have complied with the requirements of Rule 5 of the Supreme Judicial Court Uniform Rules on Dispute Resolution (SJC Rule 1:18) requiring that I provide my client(s) with information about court-connected dispute resolution services and discuss with them the advantages and disadvantages of the various dispute resolution methods."

Signature of Attorney of Record: /s/ James J. Reardon, Jr.                              Date: 5/8/25

I HEREBY ATTEST AND CERTIFY ON

8/13/2025

THAT THE FOREGOING DOCUMENT IS A FULL, TRUE AND CORRECT COPY OF THE ORIGINAL ON FILE IN MY OFFICE, AND IN MY LEGAL CUSTODY.

John E. Powers, III
Clerk Magistrate
SUFFOLK SUPERIOR CIVIL COURT
DEPARTMENT OF THE TRIAL COURT
BY: _____

Asst. Clerk

### BUSINESS LITIGATION SESSION (BLS) CIVIL ACTION COVER SHEET INSTRUCTIONS

If you want to file a case in the Business Litigation Session (BLS), you must file a BLS Civil Action Cover Sheet (Cover Sheet) and a Complaint with the Suffolk County Civil Clerk's Office. On the Cover Sheet, you must state the reasons why you believe that the case should be accepted into the BLS, including the amount in controversy. If you do not fully and accurately complete the Cover Sheet, your case may be denied acceptance into the Business Litigation Session and transferred to another Superior Court Civil Session in Suffolk County. For more information, see Superior Court Administrative Directive 24-1 (Superior Court Business Litigation Sessions).

Cases that fall within any of the following categories will be considered for acceptance into the BLS in the sound discretion of the BLS Administrative Justice, based principally on the complexity of the case and the need for substantial case management.

Select one BLS Case Category Code that best describes your case and record it on the Cover Sheet:

BA1 (a.1)  claims relating to the governance and conduct of internal affairs of entities

A04 (a.2)  claims relating to employment agreements

BA3 (a.3)  claims relating to liability of shareholders, directors, officers, partners, etc.

BB1 (b.1)  shareholder derivative claims

BB2 (b.2)  claims relating to or arising out of securities transactions

BC1 (c.1)  claims involving mergers, consolidations, sales of assets, issuance of debt, equity and like interests

BD1 (d.1)  claims to determine the use or status of, or claims involving, intellectual property

BD2 (d.2)  claims to determine the use or status of, or claims involving, confidential, proprietary or
trade secret information

D11 (d.3)  claims to determine the use or status of, or claims involving, restrictive covenants

BE1 (e.1)  claims involving breaches of contract or fiduciary duties, fraud, misrepresentation, business
torts or other violations involving business relationships

A99 (f.1)  claims under the U.C.C. involving complex issues

BG1 (g.1)  claims arising from transactions with banks, investment bankers and financial advisers,
brokerage firms, mutual and money funds

BH1 (h.1)  claims for violation of antitrust or other trade regulation laws, including class actions

BH1 (h.2)  claims of unfair trade practices involving complex issues, including class actions that do
not involve personal injury

B07 (i.1)  professional malpractice claims other than claims for personal injury or death

A99 (j.1)  claims by or against a business enterprise to which a government entity is a party

A99 (k.1)  other claims involving complex issues or that require close case management, including
but not limited to insurance coverage or reinsurance, construction, commercial lease
disputes, real estate and consumer matters.

**Example:** BLS Case Category Code: <u>BE1 (e.1)</u>    Case Type: <u>breach of contract</u>

**Plaintiff's Duty:** On the Cover Sheet, the plaintiff, or plaintiff's counsel, shall provide a detailed statement of the facts and reasons why this case should be accepted into the BLS. A copy of the completed Cover Sheet shall be served on all defendants, along with the Complaint and Summons.

**Defendant's Duty:** If a defendant contests entry into the BLS, the defendant shall file with the Answer (or dispositive motion), a Statement specifying why the action does not belong in the BLS. The Statement shall be served with the Answer (or dispositive motion).

3

**Commonwealth of Massachusetts**
**County of Suffolk**
**The Superior Court – Business Litigation Session**

CIVIL DOCKET#: **2584CV01252-BLS2**

Notice Sent
5/9/25
S.12

Case:   Goldstone v. Deloitte Consulting LLP

## NOTICE OF ACCEPTANCE INTO BUSINESS LITIGATION SESSION

This matter has been accepted into the Suffolk Business Litigation Session. It has been assigned to **BLS2**.

Hereafter, as shown above, all parties must include the initials "BLS2" at the end of the docket number on all filings.

Counsel for the plaintiff(s) is hereby advised that within seven (7) days of the filing of an appearance, answer, motion or other response to the complaint by or on behalf of the defendant(s) which has been served with process within the time limitation of Mass. R. Civ. P. 4(j), or such other time as may be modified by the Court, he or she shall send notice thereof to the appropriate BLS Session Clerk at Suffolk Superior Court, Three Pemberton Square, Boston, MA 02108.

Upon receipt of such notice, the Court will issue a Notice of Initial Rule 16 Conference for purposes of meeting with all counsel.  Before the Rule 16 Conference, counsel shall discuss with their clients and with opposing counsel whether the parties will participate in the BLS Project on Discovery (counsel are directed to www.mass.gov/superior-court-business-litigation-session for description of the Project).  Counsel may indicate their respective client's participation by completing, filing, and serving the attached form.  If by the date of the initial Rule 16 Conference, not all parties have given notice of their participation, counsel shall be prepared to discuss at that conference whether their clients will participate in the Project.

For practice tips from the BLS Judges, please refer to the BLS Bench Notes (available online at:  www.mass.gov/guide/business-litigation-session-bls-bench-notes).

The Court requests that plaintiff's counsel serve on opposing parties a copy of this notice and the attached form.

Dated: May 8, 2025

I HEREBY ATTEST AND CERTIFY ON
__July 2, 2025__, THAT THE
FOREGOING DOCUMENT IS A FULL,
TRUE AND CORRECT COPY OF THE
ORIGINAL ON FILE IN MY OFFICE,
AND IN MY LEGAL CUSTODY.
     John E. Powers, III
       Clerk Magistrate
SUFFOLK SUPERIOR CIVIL COURT
DEPARTMENT OF THE TRIAL COURT
BY: _____
    Asst. Clerk

/s/ Kenneth W. Salinger

_____
Kenneth W. Salinger
Justice of the Superior Court &
Administrative Justice of the Business Litigation Session

**Commonwealth of Massachusetts**
**County of Suffolk**
**The Superior Court – Business Litigation Session**

CIVIL DOCKET#: _____

Case: _____

    As you may know, the Business Litigation Session began implementing a Discovery Project in January, 2010. This project is available on a voluntary basis for all new cases accepted into the BLS and for cases which have not previously had an initial case management conference. Counsel should be prepared to discuss the project with the Court at the initial case management conference. For a detailed copy of the BLS Discovery Project, counsel are directed to the Trial Court home page at: www.mass.gov/superior-court-business-litigation-session)

    If a party is willing to participate in the project, that party's counsel should so indicate below and return this form to the appropriate session clerk.

      ___ (Check) **Yes,** _____ is willing to participate in the Discovery Project.
                      (Party's Name)

      Case Name _____

      Docket Number CIVIL DOCKET#: _____

      Counsel For_____          Date_____

      Firm Name and Address:

      _____

      _____

      _____

Please complete this form and return it to:

    Assistant Clerk - BLS1    **OR**    Assistant Clerk - BLS2
    BLS1, Room 1015                BLS2, Room 1017
    3 Pemberton Square            3 Pemberton Square
    Boston, MA 02108              Boston, MA 02108

- 2 -

05·13

Date Filed 5/8/2025 4:12 PM
Superior Court - Suffolk
Docket Number 2584CV01252

4

# COMMONWEALTH OF MASSACHUSETTS

**SUFFOLK COUNTY, SS.**

**SUPERIOR COURT**

SAM GOLDSTONE, individually and on
behalf of all others similarly situated,

                           Plaintiff,

     v.

DELOITTE CONSULTING LLP,

                   Defendant.

**CIVIL ACTION NO. 2584CV01252** BLS2

**CLASS ACTION COMPLAINT**

**JURY TRIAL DEMANDED**

kg

## MOTION TO AMEND ELECTRONIC CAPTION

1.    Pursuant to Mass. R. Civ. P. 15, Plaintiff Sam Goldstone ("Plaintiff"),
respectfully moves the Court to amend the electronic caption to correctly reflect that last name of
the Plaintiff is Goldstone.

2.    The electronic caption reflects Plaintiff's last name as Gladstone. Plaintiff's name
is correctly listed in all pleadings and the electronic caption should be modified to conform it to
the caption contained in the pleadings filed by Plaintiff.

3.    The Defendant has not yet appeared.  The amendment is wholly clerical and non-
substantive in nature and will and will not cause prejudice or delay. Good likewise exists in order
to correctly identify Plaintiff as reflected in the Complaint and Civil Action Cover Sheet.

4.    WHEREFORE, Plaintiff respectfully requests that the Court modify the electronic
caption to conform to the written pleadings to reflect the last name of the Plaintiff as Goldstone.

Dated: May 8, 2025

**REARDON SCANLON LLP**

By:   */s/ James J. Reardon, Jr.*

NOTICE SENT
BY EMAIL
5/12/25
EC

Allowed _____ 12 May 2025

1

James J. Reardon, Jr. BBO # 566161

James J. Reardon, Jr.
45 South Main Street, 3rd Floor
West Hartford, CT  06107
Telephone: (860) 955-9455
Facsimile:  (860) 920-5242
E-mail:  james.reardon@reardonscanlon.com

**ARISOHN LLC**
Joshua D. Arisohn (to be admitted *pro hac vice*)
94 Blakeslee Rd.
Litchfield, CT 06759
Telephone: (917) 656-0569
Email: josh@arisohnllc.com

*Attorneys for Plaintiff*

## CERTIFICATE OF SERVICE

I hereby certify that on May 8, 2025, a true copy of the above document was

served electronically, upon all counsel of record.

/s/ James Reardon
James Reardon, BBO # 566161

I HEREBY ATTEST AND CERTIFY ON
July 2, 2025 , THAT THE
FOREGOING DOCUMENT IS A FULL,
TRUE AND CORRECT COPY OF THE
ORIGINAL ON FILE IN MY OFFICE,
AND IN MY LEGAL CUSTODY.
John E. Powers, III
Clerk Magistrate
SUFFOLK SUPERIOR CIVIL COURT
DEPARTMENT OF THE TRIAL COURT
BY:
Asst. Clerk

2

Date Filed 6/30/2025 4:23 PM
Superior Court - Suffolk
Docket Number 2584CV01252

BC

5

| **Summons** | CIVIL DOCKET NO.<br>$2584-CV-01252$ | **Trial Court of Massachusetts**<br>**The Superior Court** |
|---|---|---|

| CASE NAME:<br><br>*Sam Goldstone*<br><br>vs.<br><br>*Deloitte Consulting LLP* | | John E. Powers III | Clerk of Courts |
| | Plaintiff(s)<br><br><br>Defendant(s) | Suffolk | County |
| | | COURT NAME & ADDRESS:<br>**Suffolk Superior Civil Court**<br>**Three Pemberton Square**<br>**Boston, MA. 02108** | |

THIS SUMMONS IS DIRECTED TO *Deloitte Consulting LLP* (Defendant's name)

**You are being sued.** The Plaintiff(s) named above has started a lawsuit against you. A copy of the Plaintiff's Complaint filed against you is attached to this Summons and the original Complaint has been filed in the _____ Court.

**YOU MUST ACT PROMPTLY TO PROTECT YOUR RIGHTS.**

**1. You must respond to this lawsuit in writing within 20 days.**

If you do not respond, the Court may decide the case against you and award the Plaintiff everything asked for in the Complaint. You will also lose the opportunity to tell your side of the story. You must respond to this lawsuit in writing even if you expect to resolve this matter with the Plaintiff. **If you need more time to respond, you may request an extension of time in writing from the Court.**

**2. How to Respond.**

To respond to this lawsuit, you must file a written response with the Court <u>and</u> mail a copy to the Plaintiff's attorney (or the Plaintiff, if unrepresented). You can do this by:

a) Filing your **signed original** response with the Clerk's Office for Civil Business, *Suffolk Superior* Court *Three Pemberton Sq., Boston, MA 02108* (address), by mail, in person, or electronically through the web portal www.eFileMA.com if the Complaint was e-filed through that portal, **AND**

b) Delivering or mailing a **copy** of your response to the Plaintiff's attorney/Plaintiff at the following address: *Reardon Scanlon LLP, 45 S. Main St., Suite 305, W. Hartford, CT 06107*

**3. What to Include in Your Response.**

An "Answer" is one type of response to a Complaint. Your Answer must state whether you agree or disagree with the fact(s) alleged in each paragraph of the Complaint. Some defenses, called affirmative defenses, must be stated in your Answer or you may lose your right to use them in Court. If you have any claims against the Plaintiff (referred to as "counterclaims") that are based on the same facts or transaction described in the Complaint, then you must include those claims in your Answer. Otherwise, you may lose your right to sue the Plaintiff about anything related to this lawsuit. If you want to have your case heard by a jury, you must **specifically** request a jury trial in your Court no more than 10 days after sending your Answer.

Date Filed 6/30/2025 4:23 PM
Superior Court - Suffolk
Docket Number 2584CV01252

**3. (cont.)** Another way to respond to a Complaint is by filing a "Motion to Dismiss," if you believe that the Complaint is legally invalid or legally insufficient. A Motion to Dismiss must be based on one of the legal deficiencies or reasons listed under **Rule 12 of the Massachusetts Rules of Civil Procedure**. If you are filing a Motion to Dismiss, you must follow the filing rules for "Civil Motions in Superior Court," available at:

www.mass.gov/law-library/massachusetts-superior-court-rules

**4. Legal Assistance.**

You may wish to get legal help from a lawyer. If you cannot get legal help, some basic information for people who represent themselves is available at www.mass.gov/courts/selfhelp.

**5. Required Information on All Filings.**

The "Civil Docket No." appearing at the top of this notice is the case number assigned to this case and must appear on the front of your Answer or Motion to Dismiss. You should refer to yourself as the "Defendant."

Witness Hon. Michael D. Ricciuti _____ , Chief Justice on _____ , 20 ____ . (Seal)

Acting Clerk _____

**Note:** The docket number assigned to the original Complaint by the Clerk should be stated on this Summons before it is served on the Defendant(s).

---

## PROOF OF SERVICE OF PROCESS



**Suffolk County Sheriff's Department** · 132 Portland Street, Boston, MA 02114 · (617) 704-6999

*Suffolk, ss.*

June 17, 2025

I hereby certify and return that on 6/17/2025 at 8:40 AM I served a true and attested copy of the Summons, Complaint and Cover Sheet in this action in the following manner: To wit, by delivering in hand to Bernardo Montanez, Process Clerk, agent and person in charge at the time of service for Deloitte Consulting LLP, at 84 State Street Corporation Service Company Boston, MA 02109 . Attest/Copies ($5.00) Basic Service Fee (IH) ($30.00) Conveyance ($0.30) Postage and Handling ($1.00) Travel ($1.00) Administrative Fee ($15.00) Deputy Expense ($5.00) Total: $57.30

Deputy Sheriff    Joseph Casey

I HEREBY ATTEST AND CERTIFY ON
July 2, 2025 , THAT THE
FOREGOING DOCUMENT IS A FULL,
TRUE AND CORRECT COPY OF THE
ORIGINAL ON FILE IN MY OFFICE,

_____
Deputy Sheriff

SUMMONS AND IN MY LEGAL CUSTODY ONS SERVED ON THE DEFENDANT.
    John E. Powers, III
    Clerk Magistrate
    SUFFOLK SUPERIOR CIVIL COURT
    DEPARTMENT OF THE TRIAL COURT
    BY: _____
        Asst. Clerk

Date: _____

rev. 1/2023

Date Filed 6/30/2025 4:23 PM
Superior Court - Suffolk
Docket Number 2584CV01252

## CERTIFICATE OF SERVICE

I hereby certify that on June 30, 2025 a true copy of the above document was served electronically or first-class U.S. Mail postage prepaid, upon all counsel of record.


/s/ James Reardon

James Reardon, 566161

ML

6

# COMMONWEALTH OF MASSACHUSETTS

**SUFFOLK, SS.**

**SUPERIOR COURT DEPARTMENT OF THE TRIAL COURT**

SAM GOLDSTONE, individually and on behalf of all others similarly situated,

Plaintiff,

v.

DELOITTE CONSULTING LLP,

Defendant.

CIVIL ACTION NO.: 2584-cv-01252

## NOTICE OF FILING OF NOTICE OF REMOVAL

**PLEASE TAKE NOTICE** that pursuant to 28 U.S.C. §§ 1332, 1441, 1446 and 1453, Defendant Deloitte Consulting LLP ("Deloitte") filed with the Clerk of the United States District Court for the District of Massachusetts, a Notice of Removal, a copy of which is attached to and filed with this document as Exhibit A, and that this action is hereby removed to the United States District Court for the Massachusetts, as of July 1, 2025. The Court is respectfully requested to proceed with no further action in this case.

Dated: July 1, 2025

Respectfully submitted,

**DELOITTE CONSULTING LLP**

/s/ *Keri L. Engelman*
Keri L. Engelman, BBO #704360
keri.engelman@morganlewis.com
**MORGAN, LEWIS & BOCKIUS LLP**
One Federal Street
Boston, MA  02110-1726
Tel: +1.617.341.7700
Fax: +1.617.341.7701

## CERTIFICATE OF SERVICE

I hereby certify that on July 1, 2025, I filed the foregoing document with the Clerk of

the Court via the electronic filing system, which will send notice of the filing to:

James J. Reardon, Jr.
**REARDON SCANLON LLP**
45 South Main Steet, 3rd Floor
West Hartford, CT 06107
james.reardon@reardonscanlon.com

Joshua D. Arisohn
**ARISOHN LLC**
94 Blakeslee Rd.
Litchfield, CT 06759
josh@arisohnllc.com

*Attorneys for Plaintiff*

/s/ Keri L. Engelman
Keri L. Engelman

I HEREBY ATTEST AND CERTIFY ON
July 2, 2025, THAT THE
FOREGOING DOCUMENT IS A FULL,
TRUE AND CORRECT COPY OF THE
ORIGINAL ON FILE IN MY OFFICE,
AND IN MY LEGAL CUSTODY.
John E. Powers, III
Clerk Magistrate
SUFFOLK SUPERIOR CIVIL COURT
DEPARTMENT OF THE TRIAL COURT
BY: _____
Asst. Clerk

2

Date Filed 7/1/2025 11:00 PM
Superior Court - Suffolk
Docket Number 2584CV01252

# EXHIBIT A

Date Filed 7/1/2025 11:00 PM
Superior Court - Suffolk
Docket Number 2584CV01252

Case 1:25-cv-11875-WGY    Document 14    Filed 08/13/25    Page 23 of 32
Case 1:25-cv-11875-WGY    Document 1    Filed 07/01/25    Page 1 of 10

## UNITED STATES DISTRICT COURT
## DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| Sam Goldstone, individually and on behalf of all others similarly situated, <br><br> Plaintiff, <br><br> v. <br><br> Deloitte Consulting LLP, <br><br> Defendant. | CIVIL ACTION NO.: |

Certified to be a true and
correct copy of the original
Robert M. Farrell, Clerk
U.S. District Court
District of Massachusetts

By: *Sophie Phillips*
Deputy Clerk

Date: 07/01/2025

### NOTICE OF REMOVAL

**PLEASE TAKE NOTICE** that, pursuant to 28 U.S.C. §§ 1332, 1441, 1446 and 1453, Defendant Deloitte Consulting LLP ("Deloitte") hereby removes this action from the Superior Court of the Commonwealth of Massachusetts, Suffolk County, to the United States District Court for the District of Massachusetts. This Court has original subject matter jurisdiction over the lawsuit of Plaintiff Sam Goldstone ("Plaintiff") under the Class Action Fairness Act of 2005 ("CAFA") because this matter was brought as a putative class action, diversity of citizenship exists between one or more members of the putative class and Deloitte, the number of proposed class members exceeds 100 individuals, and the amount in controversy exceeds $5 million in the aggregate. *See* 28 U.S.C. §§ 1332(d), 1453.

### I.    FACTUAL BACKGROUND

1.    On May 8, 2025, Plaintiff commenced this action against Deloitte by filing a Complaint in the Suffolk County Superior Court for the Commonwealth of Massachusetts, captioned *Sam Goldstone, individually and on behalf of all others similarly situated v. Deloitte Consulting LLP*, No. 2584-CV-01252 (the "State Court Action"). A true and correct copy of the Complaint ("Compl.") together with all documents filed with the Suffolk Superior Court in the

Case 1:25-cv-11875-WGY     Document 14     Filed 08/13/25     Page 24 of 32

Date Filed 7/1/2025 11:00 PM
Superior Court - Suffolk
Docket Number 2584CV01252     Case 1:25-cv-11875-WGY     Document 1     Filed 07/01/25     Page 2 of 10

state court action is attached as Exhibit 1.

2.     Deloitte's registered agent received a copy of the Summons and Complaint on June 17, 2025.

3.     On behalf of himself and the purported class, Plaintiff alleges that Mass. Gen. Laws ch. 149, § 19B(2)(b) requires that job applications within the Commonwealth contain certain language regarding "job applicants' and employees' rights concerning lie detector tests." Compl. at ¶ 1. Plaintiff seeks to represent a purported class of "[a]ll persons who applied for a Massachusetts-based position of employment with Defendant (the 'Class')." *Id.* ¶ 15.

4.     Plaintiff alleges that, on or around August 29, 2024, while located in Massachusetts, he "applied online for a Massachusetts-based position at Deloitte as a Business Analyst," and the job application did not provide the "notice of his rights concerning lie detector tests that is required by Mass. Gen. Laws ch. 149, § 19B(2)(b)." *Id.* ¶ 6.

5.     Plaintiff's Complaint does not allege a specific amount of alleged damages sought on behalf of Plaintiff or the putative class. Plaintiff instead alleges, on behalf of himself and the putative class purported to be "in the thousands," that "minimum statutory damages" should be awarded in the amount of $500 "per violation." *Id.* ¶¶ 3, 16. In addition to claimed "minimum statutory damages," Plaintiff also seeks to recover compensatory and punitive damages, prejudgment interest, reasonable attorneys' fees and costs, and "all other forms of equitable monetary relief." *Id.* at "Relief Demanded" subsections d through f. As explained below, the total amount placed in controversy by Plaintiff's claims on behalf of the putative class exceeds $5,000,000 as required for removal under CAFA.

6.     Plaintiff's Complaint is pled as a putative class action under Massachusetts Civil Procedure Rule 23. Therefore, for the purposes of this Notice of Removal, this matter is a class

Date Filed 7/1/2025 11:00 PM
Superior Court - Suffolk
Docket Number 2584CV01252

Case 1:25-cv-11875-WGY    Document 14    Filed 08/13/25    Page 25 of 32
Case 1:25-cv-11875-WGY    Document 1    Filed 07/01/25    Page 3 of 10

action as that term is defined under 28 U.S.C. §§ 1332(d)(1)(B) and 1453.[1]

## II.  THIS COURT HAS JURISDICTION UNDER THE CLASS ACTION FAIRNESS ACT OF 2005.

7.      The Supreme Court has clarified that "no antiremoval presumption attends cases invoking CAFA, which Congress enacted to facilitate adjudication of certain class actions in federal court." *Dart Cherokee Basin Operating Co. v. Owens*, 135 S. Ct. 547, 554 (2014).

8.      This Court has jurisdiction over this matter pursuant to CAFA. *See* 28 U.S.C. §§ 1332(d), 1453. Under CAFA, District Courts have original diversity jurisdiction over a class action whenever: (1) "any member of a [putative] class of plaintiffs is a citizen of a State different from any defendant," (28 U.S.C. § 1332(d)(2)(A)); (2) "the number of members of all proposed plaintiff classes in the aggregate is" more than 100 (28 U.S.C. § 1332(d)(5)(B)); and (3) "the matter in controversy exceeds the sum or value of $5,000,000, exclusive of interest and costs" (28 U.S.C. § 1332(d)(2)). All CAFA requirements are satisfied here. Further, no exception to the exercise of federal jurisdiction applies. *See, e.g.*, U.S.C. § 1332(d)(4)(A)-(B). Removal is proper pursuant to 28 U.S.C. §§ 1441, 1446, and 1453.

### A.  Diversity of Citizenship Exists.

9.      To satisfy CAFA's diversity requirement, a party seeking removal need only show that minimal diversity exists—that is, that one putative class member is a citizen of a state different from that of one defendant. 28 U.S.C. § 1332(d)(2); *Lenahan v. Dick's Sporting Goods, Inc.*, 2010 WL 5092254, at *1 (D. Mass. Dec. 8, 2010).

10.     Plaintiff is a citizen of the Commonwealth of Massachusetts, residing in Wayland, Massachusetts. Compl. ¶ 6.

---

[1] Deloitte does not concede, and specifically disputes, Plaintiff's contention that this lawsuit may properly proceed as a class action.

Case 1:25-cv-11875-WGY    Document 14    Filed 08/13/25    Page 26 of 32

Date Filed 7/1/2025 11:00 PM
Superior Court - Suffolk    Case 1:25-cv-11875-WGY    Document 1    Filed 07/01/25    Page 4 of 10
Docket Number 2584CV01252

11.    For purposes of a "minimal diversity" class action under CAFA, a limited liability partnership is deemed to be a citizen of the state where it has its principal place of business and the state under whose laws it is organized. *See* 28 U.S.C. § 1332(d)(10); *BRT Mgmt. LLC v. Malden Storage LLC*, 68 F.4th 691, 696 (1st Cir. 2023) (an unincorporated entity does not take the citizenship of all of its members under CAFA but instead is considered "a citizen of the State where it has its principal place of business and the State under whose laws it is organized"); *see also Shulman v. Chaitman LLP* 392 F. Supp. 3d 340, 351 (S.D.N.Y. 2019) (finding minimal diversity met under CAFA where plaintiffs were citizens of New Jersey, California, and Florida, and defendants were limited liability partnerships organized under the laws of New York State, with principal places of business in New York, New York). Deloitte is a limited liability partnership organized under the law of Delaware with its principal place of business in New York.[2] As a result, Deloitte is a citizen of the States of Delaware and New York for diversity purposes under CAFA. *See* 28 U.S.C. § 1332(d)(10).

12.    Accordingly, there is diversity of citizenship pursuant to CAFA because a member of the putative class "is a citizen of a State different from any defendant." 28 U.S.C. § 1332(d)(2).

**B.    The Proposed Class Consists of At Least 100 Proposed Class Members.**

13.    The second jurisdictional requirement under CAFA is that the number of members of all proposed plaintiff classes in the aggregate is more than 100. *See* 28 U.S.C. § 1332(d)(5)(B).

14.    The Complaint alleges claims on behalf of Plaintiff and a putative class of similarly

---

[2] *See* https://www.sec.gov/Archives/edgar/data/1276294/000095017217000016/xslFormDX01/ primary_doc.xml (last visited July 1, 2025); *see also* Fed. R. Evid. 201; *Fortucci v. RBS Citizens, N.A.,* 784 F. Supp. 2d 85, 88 (D. Mass. 2011) (taking judicial notice of principal office based on documents from the Office of the Comptroller of the Currency, Administrator of National Banks); *Royalty Network Inc. v. Dishant.com, LLC,* 638 F.Supp.2d 410, 421 n. 7 (S.D.N.Y.2009) (taking judicial notice of principal place of business based on Securities and Exchange Commission filings).

4

Date Filed 7/1/2025 11:00 PM
Superior Court - Suffolk
Docket Number 2584CV01252

Case 1:25-cv-11875-WGY    Document 14    Filed 08/13/25    Page 27 of 32
Case 1:25-cv-11875-WGY    Document 1    Filed 07/01/25    Page 5 of 10

situated individuals in Massachusetts. Compl. ¶ 15. Plaintiff alleges "members of the Class number in the thousands." *Id.* at ¶ 16.

15.    As such, the putative class set forth in Plaintiff's Complaint exceeds 100, and the second jurisdictional requirement under CAFA is met. *See* 28 U.S.C. § 1332(d)(5)(B).

### C.    The Amount In Controversy Requirement Is Satisfied

16.    Pursuant to CAFA, the claims of the individual members in a putative class action are aggregated to determine if the amount in controversy exceeds the sum or value of $5,000,000, exclusive of interest and costs. *See* 28 U.S.C. § 1332(d)(6).[3]

17.    As the Supreme Court has held, "a defendant's notice of removal need include only a plausible allegation that the amount in controversy exceeds the jurisdictional threshold." *Dart Cherokee*, 135 S. Ct. at 554.

18.    Additionally, Congress intended for federal jurisdiction to attach under CAFA "if the value of the matter in litigation exceeds $5,000,000 either *from the viewpoint of the plaintiff* or the viewpoint of the defendant, and regardless of the type of relief sought (*e.g.*, damages, injunctive relief, or declaratory relief)." S. Rep. No. 109-14, *as reprinted in* 2005 WL 627977, at *42 (1st Sess. 2005) (emphasis added).

19.    Where, as here, the plaintiff does not expressly plead a specific amount of damages,

---

[3] This Notice of Removal discusses the nature and amount of damages placed at issue by Plaintiff's Complaint. Deloitte's reference to specific damages amounts and its citation to comparable cases are provided solely for the purpose of establishing that the amount in controversy is more likely than not in excess of the jurisdictional minimum. Deloitte maintains that each of Plaintiff's claims is without merit and that Deloitte is not liable to Plaintiff or the putative class he claims to represent. Deloitte specifically denies that Plaintiff's theory of damages of damages is correct, that Plaintiff or any member of the putative class is entitled to statutory or any other damages as a result of any act or omission by Deloitte. No statement or reference contained herein shall constitute an admission of liability or a suggestion that Plaintiff will or could actually recover these damages based upon the allegations contained in the Complaint or otherwise.

Case 1:25-cv-11875-WGY     Document 14     Filed 08/13/25     Page 28 of 32

Date Filed 7/1/2025 11:00 PM
Superior Court - Suffolk      Case 1:25-cv-11875-WGY     Document 1     Filed 07/01/25     Page 6 of 10
Docket Number 2584CV01252

a defendant must only show a reasonable probability that the amount in controversy exceeds $5,000,000. *See Sierra v. Progressive Direct Ins. Co.*, 2012 WL 4572923, at *2 (D. Mass. Sept. 28, 2012). Plaintiff's likelihood of success on the merits is irrelevant to determining the court's jurisdiction because "the pertinent question is what is *in controversy* in the case, not how much the plaintiffs are ultimately likely to recover." *Manson v. GMAC Mortg., LLC*, 602 F. Supp. 2d 289, 293 n.6 (D. Mass. 2009) (quoting *Amoche*, 556 F.3d at 51). Because "questions of removal are typically decided at the pleadings stage where little or no evidence has yet been produced, the issue should be resolved without an extensive fact-finding inquiry or 'mini-trial' about the amount in controversy." *Sierra*, 2012 WL 4572923, at *2 (internal citations omitted). In determining whether the removing defendant has met its burden, courts look first to the plaintiff's complaint and then to the defendant's petition for removal. *See Williams v. Am. Honda Fin. Corp.*, 2014 WL 5494914, at *3 (D. Mass. Oct. 30, 2014).

20.     CAFA's legislative history makes clear that doubts regarding the maintenance of class actions in state or federal court should be resolved in favor of federal jurisdiction. *See, e.g.*, S. Rep. No. 109-14, *as reprinted in* 2005 WL 627977, at *43 (1st Sess. 2005) ("Overall, new section 1332(d) is intended to expand substantially federal court jurisdiction over class actions. Its provisions should be read broadly, with a strong preference that interstate class actions should be heard in a federal court if properly removed by any defendant.").

21.     While Deloitte denies Plaintiff's factual allegations and denies that Plaintiff or any member of the putative class he purports to represent are entitled to the relief sought in the Complaint, Deloitte —based on the allegations in Plaintiff's Complaint—has established herein a "reasonable probability" that the amount in controversy of the putative class as alleged in the Complaint exceeds $5,000,000.

### 1.    *Calculation of Plaintiff's Alleged Damages*

22.    Plaintiff's Complaint does not define the class period, but the statute of limitations for Plaintiff's claims stemming from the alleged violation is three years.  *See* Mass. Gen. Laws ch. 149, § 19B(4). Because Plaintiff filed the Complaint on May 8, 2025, the purported class period for establishing jurisdiction under CAFA would be May 8, 2022 through the date of judgment (the "Putative Class Period").

23.    Although the Complaint does not articulate Plaintiff's damages theory, it is apparent that Plaintiff seeks "minimum statutory damages" of $500 per the number of applications "filled out" and submitted to Deloitte during the Putative Class Period. *See, e.g.,* Compl. ¶¶ 3, 13, 18, 26, 27. Of behalf of the purported class, Plaintiff also seeks punitive and compensatory damages in an undetermined amount.[4]

24.    During the Putative Class Period, there were over 10,000 job "applications" (as pled by Plaintiff) submitted for positions at Deloitte where the "applicant" was based in Massachusetts.[5]  *See* Exhibit 2 (Declaration of Elizabeth Doreski) at ¶ 3.  Based on Plaintiff's claimed entitlement to "statutory damages" alone, the total amount placed in controversy by Plaintiff's claims on behalf of the putative class exceeds $5,000,000 as required for removal under CAFA.

---

[4] Deloitte denies that this theory of damages is legally viable, and specifically denies that the putative class is entitled to statutory damages of $500. By referencing Plaintiff's purported claim to damages for purposes of removal, Deloitte does not concede the validity of such claims and expressly reserves all rights, including the right to challenge Plaintiff's alleged damages at the appropriate stage of litigation.

[5] Deloitte denies that Plaintiff completed or submitted a job application pursuant to Mass. Gen. Laws ch. 149, § 19B(2)(b), and further denies that Plaintiff is entitled to any relief. Deloitte reserves all rights and defenses.

Date Filed 7/1/2025 11:00 PM
Superior Court - Suffolk
Docket Number 2584CV01252

Case 1:25-cv-11875-WGY    Document 14    Filed 08/13/25    Page 30 of 32
Case 1:25-cv-11875-WGY    Document 1    Filed 07/01/25    Page 8 of 10

**E.    No Exceptions to CAFA Jurisdiction Apply.**

25.    CAFA provides for two primary exceptions to the exercise of federal jurisdiction, the so-called "home-state" and "local controversy" exceptions. *See* 28 U.S.C. § 1332(d)(3)(A)-(B). Plaintiff bears the burden of proof as to the applicability of these exceptions. *McMorris v. TJX Cos.*, 493 F. Supp. 2d 158, 165 (D. Mass. 2007); *cf.* S. Rep. No. 109-14, *as reprinted in* 2005 WL 627977, at *42 (1st Sess. 2005) (exceptions to CAFA jurisdiction should be interpreted narrowly and doubts should be resolved "in favor of exercising jurisdiction over the matter"). Plaintiff cannot meet his burden of proving that either exception applies because Deloitte is not a citizen of Massachusetts. *See supra* at 3-4.

### III.    THE OTHER PREREQUISITES FOR REMOVAL HAVE BEEN SATISFIED

26.    Deloitte's removal of this action is timely because this Notice of Removal is being filed within 30 days of service, as prescribed by 28 U.S.C. § 1446(b)(2)(B); *see Murphy Bros v. Michetti Pipe Stringing*, 526 U.S. 344, 347–48 (1999) ("service of the summons and complaint" triggers removal deadline).

27.    As Plaintiff originally filed this action in the Suffolk County Superior Court of Massachusetts, removal to the United States District Court, District of Massachusetts, is proper under 28 U.S.C. § 1441(a).

28.    As required by 28 U.S.C. § 1446(d), Deloitte will provide notice of this removal to Plaintiff through his attorneys of record.

29.    As required by 28 U.S.C. § 1446(d), a copy of this Notice will be filed with the Clerk of the Court for the Suffolk County Superior Court of Massachusetts.

30.    If any questions arise as to the propriety of the removal of this action, Defendant requests the opportunity to present a brief in support of its position that this case is removable and that CAFA's limited exceptions to federal jurisdiction are inapplicable.

Case 1:25-cv-11875-WGY     Document 14     Filed 08/13/25     Page 31 of 32
Date Filed 7/1/2025 11:00 PM
Superior Court - Suffolk     Case 1:25-cv-11875-WGY     Document 1     Filed 07/01/25     Page 9 of 10
Docket Number 2584CV01252

**WHEREFORE**, Defendant Deloitte Consulting LLP desiring to remove this case to the United States District Court for the District of Massachusetts, prays that the filing of this Notice of Removal shall affect the removal of this action to this Court.

Dated: July 1, 2025                                    Respectfully submitted,

                                                       **DELOITTE CONSULTING LLP**

                                                       /s/ *Keri L. Engelman*
                                                       Keri L. Engelman, BBO #704360
                                                       Anna K. Perocchi, BBO #714730
                                                       keri.engleman@morganlewis.com
                                                       anna.perocchi@morganlewis.com
                                                       **MORGAN, LEWIS & BOCKIUS LLP**
                                                       One Federal Street
                                                       Boston, MA  02110-1726
                                                       Tel: +1.617.341.7700
                                                       Fax: +1.617.341.7701

Date Filed 7/1/2025 11:00 PM
Superior Court - Suffolk
Docket Number 2584CV01252

Case 1:25-cv-11875-WGY   Document 14   Filed 08/13/25   Page 32 of 32
Case 1:25-cv-11875-WGY   Document 1   Filed 07/01/25   Page 10 of 10

## <u>CERTIFICATE OF SERVICE</u>

I hereby certify that on July 1, 2025, the foregoing Notice of Removal, including the

attached exhibits, was filed via the ECF filing system and served by email on the following:

James J. Reardon, Jr.
**REARDON SCANLON LLP**
45 South Main Steet, 3rd Floor
West Hartford, CT 06107
james.reardon@reardonscanlon.com

Joshua D. Arisohn
**ARISOHN LLC**
94 Blakeslee Rd.
Litchfield, CT 06759
josh@arisohnllc.com

*Attorneys for Plaintiff*

*/s/ Keri L. Engelman*
Keri L. Engelman