```
                    UNITED STATES DISTRICT COURT
                     DISTRICT OF MASSACHUSETTS
```

_____
                                    )
SAM GOLDSTONE, individually and     )
on behalf of all others             )
similarly situated,                 )
                                    )
                Plaintiff,          )
                                    )
        v.                          )   CIVIL ACTION
                                    )   No. 25-cv-11875-WGY
DELOITTE CONSULTING LLP,            )
                                    )
                Defendant.          )
_____ )

YOUNG, D.J.                                     February 4, 2026

## ORDER REMANDING CASE

This action is REMANDED pursuant to 28 U.S.C. § 1447(c) for further proceedings before the Business Litigation Session of the Massachusetts Superior Court, in <u>Goldstone</u> v. <u>Deloitte Consulting, LLP</u>, Mass. Sup. Ct. No. 2584CV01252-BLS2. The Clerk is directed to enter a separate order certifying remand not sooner than March 6, 2026 pursuant to Local Rule 81.1(d)[1].

---

[1] Local Rule 81.1(d) provides in pertinent part: "Absent a court order to the contrary, no sooner than 30 days following an order of the court remanding a case to state court pursuant to 28 U.S.C. § 1447(c), the clerk shall remand the case to state court . . . ." <u>See also</u> <u>Forty Six Hundred LLC</u> v. <u>Cadence Educ., LLC</u>, 15 F.4th 70, 81 (1st Cir. 2021) (suggesting that "[i]f a motion to remand is granted by the district court in a removed case and the remand order is appealable, the district court may wish to avoid immediately certifying the remand order and returning the case file to the state court").

The Commonwealth of Massachusetts statutorily prohibits the use of lie detector tests as part of an application for employment. See Mass. Gen. Laws ch. 149, § 19B ("the Lie Detector Statute" or "Section 19B"). The Lie Detector Statute also requires a notice to potential employees concerning the same ("the Notice Provision"). Id. § 19B(2)(b).

In this diversity action, removed under 28 U.S.C. §§ 1332, 1441, 1446, and 1453, and the Class Action Fairness Act of 2005, 28 U.S.C. § 1332(d)(2), see Notice of Removal 1, ECF No. 1, the Plaintiff, Sam Goldstone ("Goldstone"), brings a putative class action against Deloitte Consulting LLP ("Deloitte"), claiming statutory damages for Deloitte's failure to comply **solely** with the Notice Provision as part of its application process. See generally, First Am. Class Action Compl. ("FAC"), ECF No. 11.

Deloitte moves to dismiss the complaint on the merits arguing: (1) Goldstone does not have statutory standing under Massachusetts law because he is not a "person aggrieved" under the Lie Detector Statute; and (2) the Lie Detector Statute cannot be read to permit a private cause of action under the Notice Provision. Def.'s Mot. Dismiss Pl.'s FAC, ECF No. 12; Mem. Supp. Def's. Mot. Dismiss FAC ("Deloitte's Mem.") 8, 11, ECF No. 13. The motion is fully briefed. See Mem. Opp'n to Def.'s Mot. Dismiss FAC ("Goldstone's Opp'n"), ECF No. 23; Aff. J. Arisohn, Esq., ECF No. 23; Def.'s Reply, ECF No. 25.

[2]

Deloitte also filed supplemental authority, see ECF Nos. 32, 39. The Court took the matter under advisement after a January 9, 2026 hearing, with leave provided to the parties to submit further briefing. Elec. Clerk's Notes, ECF No. 36. Deloitte filed further supplemental authority, ECF No. 39, but no further briefs were filed.

In proceeding straight to the merits, however, the parties have largely sidestepped the issue of whether Goldstone has Article III standing. "Although federal 'courts are generally limited to addressing the claims and arguments advanced by the parties,' they nevertheless 'have an independent obligation to ensure that they do not exceed the scope of their jurisdiction, and therefore they must raise and decide jurisdictional questions that the parties either overlook or elect not to press.'" U.S. ex rel. Sargent v. Collins, No. 25-1153, 2026 WL 171536, at *2 (1st Cir. Jan. 22, 2026) (quoting Henderson ex rel. Henderson v. Shinseki, 562 U.S. 428, 434 (2011)). Such inquiry necessarily "include[s] a plaintiff's Article III standing to sue, before addressing his particular claims," and again, "regardless of whether the litigants have raised the issue of standing." Pagán v. Calderón, 448 F.3d 16, 26 (1st Cir. 2006) (citations omitted).[2] As a threshold issue,

---

[2] To be sure, the parties have had an opportunity to address Article III standing, but did not press the issue. See

therefore, "[b]efore addressing the issue of statutory standing, the Court must first 'satisfy itself as to its jurisdiction, including [Goldstone's] Article III standing to sue.'" Crane v. Cheesecake Factory Inc., No. 25-CV-11727-ADB, 2025 WL 4066478, at *2 (D. Mass. Dec. 8, 2025) (appeal filed) (Burroughs, J.) (quoting Pagán, 448 F.3d at 26).

"Article III confines the federal judicial power to the resolution of 'Cases' and 'Controversies.'" TransUnion LLC v. Ramirez, 594 U.S. 413, 423 (2021). "For there to be a case or controversy under Article III, the plaintiff must have . . . standing." Id. In order to establish standing, "a plaintiff must show (i) that he suffered an injury in fact that is concrete, particularized, and actual or imminent; (ii) that the injury was likely caused by the defendant; and (iii) that the

---

Deloitte's Mem. 10 n.6; Goldstone's Opp'n 4 n. 1. Both parties cite Baker v. CVS Health Corp., 717 F. Supp. 3d 188, 191 (D. Mass. 2024) (Saris, J.), which should have brought the issue to the forefront of their arguments. In that case, CVS argued that the plaintiff lacked Article III standing because the notice claim was a "bare procedural violation without [a] showing of concrete harm," but Judge Saris ruled that the combination of the notice injury and the purported lie detector test (which was not disputed at the motion to dismiss stage) -- a downstream consequence -- was sufficient to confer standing. Id. at 191, 192. That second element in Baker is missing here, and fatal to the Article III standing analysis, as discussed infra. Indeed, Judge Saris in dictum presaged the potential for lack of Article III standing in a pure notice case such as presented here. Id. at 192 n.2 ("Applicants who never took the HireVue Interview **may well be in a different boat on the [Article III] standing question.**") (emphasis added).

[4]

injury would likely be redressed by judicial relief." Id. (citing Lujan v. Defenders of Wildlife, 504 U.S. 555, 560-561, (1992)).

"At the pleading stage, [the Court] 'appl[ies] [to questions of standing] the same plausibility standard used to evaluate a motion under Rule 12(b)(6)." In re Fin. Oversight & Mgmt. Bd. for Puerto Rico, 110 F.4th 295, 307 (1st Cir. 2024) (quoting Gustavsen v. Alcon Lab'ys, Inc., 903 F.3d 1, 7 (1st Cir. 2018). Goldstone "'need not definitively prove [their] injury or disprove . . . defenses' but need only 'plausibly plead on the face of [their] complaint' facts supporting standing." Id. at 308 (quoting Tyler v. Hennepin Cnty., 143 S.Ct. 1369, 1375 (2023)).

Plausibly pleaded facts supporting Article III standing are wholly lacking here. As an initial matter, other sessions in this district have recently ruled on similar facts that pure notice-violation claims under the Massachusetts Lie Detector Statute fail to meet Article III standing requirements of a concrete injury because such allegations merely posit an informational injury with no downstream consequences. See Crane, 2025 WL 4066478, at *3; St. Cyr v. JP Morgan Chase Bank, N.A., No. CV 25-11751-BEM, 2025 WL 2977935, at *3 (D. Mass. Oct. 22, 2025) (appeal filed) (Murphy, J.). "[A]n 'asserted informational injury that causes no adverse effects cannot

[5]

satisfy Article III." Crane 2025 WL 4066478, at *3 (D. Mass. Dec. 8, 2025) (quoting TransUnion, 594 U.S. at 442. Similar to Crane, here, where all that is alleged in this action is a pure informational injury without any downstream consequence, Goldstone lacks Article III standing. See FAC ¶¶ 23, 26.

This Court is therefore without subject matter jurisdiction, and the action is REMANDED. See Crane, 2025 WL 4066478, at *3 ("Because Plaintiff fails to allege anything beyond an informational injury that caused no adverse effects, he lacks Article III standing, and this Court must remand the case.") (citation omitted); St. Cyr, 2025 WL 2977935, at *3 ("Because the Court finds a lack of Article III standing, a jurisdictional defect, 'the proper course is remand.'")(quoting Maine Ass'n of Interdependent Neighborhoods v. Commissioner, Me. Dep't of Hum. Servs., 876 F.2d 1051, 1054 (1st Cir. 1989)); 28 U.S.C. 1447(c) ("If at any time before final judgment it appears that the district court lacks subject matter jurisdiction, the case shall be remanded.").

The Court expressly does **not** rule on the merits of the motion to dismiss, though Deloitte has submitted recent persuasive supplemental authority from the Superior Court casting doubt on pure informational claims' viability under a Massachusetts statutory standing analysis. See Ababio v. Nike Retail Services, Inc., Mass. Sup. Ct. No. 2584CV01134-BLS-1

[6]

(Nov. 25, 2025) (Barry-Smith, J.) (order on four consolidated cases dismissing Section 19B notice issue cases for lack of statutory standing)[3]; Whitney v. The Hertz Corp., Mass. Sup. Ct. No. 2584CV01165-BLS-2 (Dec. 1, 2025) (Squires-Lee, J.) (adopting Ababio and dismissing Section 19B notice claim).  The action will now properly proceed before, and the motion to dismiss will be decided by, the Superior Court.

**SO ORDERED.**

/s/ William G. Young
WILLIAM G. YOUNG
JUDGE
of the
UNITED STATES[4]

---

[3]  The Ababio Decision and Order also applies to: Oi Shiv v. Bloomingdales, LLC, Mass. Sup. Ct. No. 2584CV01138-BLS-1; Lamas v. Warby Parker, Inc., Mass. Sup. Ct. No. 2584CV01164-BLS-1; and Alexandrovicz v. Walmart, Inc., Mass. Sup. Ct. No. 2584CV01352-BLS-1.

[4]  This is how my predecessor, Peleg Sprague (D. Mass 1841-1865), would sign official documents. Now that I'm a Senior District Judge I adopt this format in honor of all the judicial colleagues, state and federal, with whom I have had the privilege to serve over the past 47 years.

[7]